UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-00170-MR

| FREDERICK PRATT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| JOHN ROBBINS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

**I.   BACKGROUND**

Pro se Plaintiff Frederick Pratt ("Plaintiff") is a North Carolina state inmate currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. He filed this action on October 19, 2020, pursuant to 42 U.S.C. § 1983, naming as Defendants John Robbins, identified as a Sergeant at Alexander; John Delozier, identified as a Correctional Officer at Alexander; Stephanie Miller, identified as a Lieutenant and Unit Manager at Alexander; and John Hernandez, identified as the Superintendent of Alexander. [Doc. 1 at 2-3].

Plaintiff alleges that the following occurred between 3:00 p.m. on April 11, 2020 and 2:00 a.m. on April 12, 2020. [Id. at 5].

> Sgt. Robbins and Officer Delozier slammed me face first on the concrete floor while handcuffed and restrained. Video footage also shows these officers slam my chin repeatedly into the floor while choking and kneeling on my neck. Stephanie Miller then gave these officers orders to put me in Full Restraints for 8 hrs. in cell C-37 on Lower Red. During these 8 hrs. I was denied the use of toilet, perform hygein [*sic*] to get blood off my face and medical staff supervision. I was also housed improperly where I faced substantial risk of harm from arrival 7-2-19 till this assault occurred. Video footage verifies all issues of material facts listed.

[Id.]. Plaintiff alleges that these events violated his rights under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and "Excessive Force laws."[1] [Id. at 3].

For injuries, Plaintiff claims he suffered various physical injuries and that he is being treated for post-traumatic stress disorder and anxiety from the alleged use of force. [Id. at 5].

For relief, Plaintiff seeks compensatory and punitive damages. [Id.].

---

[1] It appears that Plaintiff's claim based on violation of his Eighth Amendment rights and "excessive force laws" are one in the same and will be treated as such.

2

Case 5:20-cv-00170-MR   Document 7   Filed 12/08/20   Page 2 of 8

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### A. Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-79 (2010).

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff states an Eighth Amendment claim against Defendants Robbins, Delozier, and Miller.

### B. Fourteenth Amendment

Plaintiff does not allege how he believes his Fourteenth Amendment rights were violated and the Court sees nothing in Plaintiff's allegations from which it may reasonably infer such a claim. This claim will, therefore, be dismissed without prejudice.

### C. ADA

While the ADA does apply to state prisons, see Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998) (holding that the ADA applies to state prisons), Plaintiff has failed to allege how his rights thereunder were violated. And, again, the Court sees nothing from which it may reasonably infer such a claim. This claim, therefore, will also be dismissed without prejudice.

### D. Defendant Hernandez

Because Plaintiff makes no allegations against Defendant Hernandez, the Superintendent of Alexander, it appears that Plaintiff's claim against him is based on supervisor liability. To establish liability under 42 U.S.C. § 1983, however, a plaintiff must show that the defendant "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Accordingly, Plaintiff has failed to state a claim against Defendant Hernandez, and he will be dismissed as a Defendant in this matter.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint against Defendants Robbins, Delozier, and Miller for violation of Plaintiff's Eighth Amendment rights survives initial review. Plaintiff, however, has failed to state claims under the Fourteenth Amendment or the ADA and these claims will be dismissed without prejudice. Plaintiff has also failed to state a claim against Defendant Hernandez, and he will be dismissed.

# **ORDER**

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter as to all Defendants are hereby **DISMISSED without prejudice** for failure to state a claim, with the exception of the Eighth Amendment claim against Defendants Robbins, Delozier, and Miller, which is allowed to pass initial review.

**IT IS FURTHER ORDERED** that Defendant John Hernandez is hereby **DISMISSED** as a Defendant in this matter for failure to state a claim.

Local Rule 4.3 sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Robbins, Delozier, and Miller, who are alleged to be current or former employees of NCDPS.

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Robbins, Delozier, and Miller, who are alleged to be current or former employees of NCDPS.

7

Case 5:20-cv-00170-MR   Document 7   Filed 12/08/20   Page 7 of 8

**IT IS SO ORDERED.**  Signed: December 7, 2020

Martin Reidinger
Chief United States District Judge