# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
### 5:20-cv-170-GCM

| | | |
|---|---|---|
| FREDERICK PRATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAYDEN ROBBINS, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Spoliation Adverse

Inference [Doc. 69].

The incarcerated Plaintiff filed this civil rights action pro se pursuant to 42 U.S.C. §

1983.[1] The Complaint passed initial review for the use of excessive force against Defendants

Hayden Robbins, Travis Delozier, and Stephanie Miller. [Doc. 7]. Counsel appeared for the

Plaintiff before dispositive motions were filed [Doc. 27]. The Defendants filed a Motion for

Summary Judgment that was supported by video evidence of the incident, however, none of the

video depicts the use of force at issue. [See Doc. 34 (conventionally filed thumb drive)]. The

Plaintiff argued for the first time that the Defendants had spoliated evidence by failing to

produce any video that captured the use of force that occurred outside the medical clinic or Red

Unit, or video from a handheld camera that was taken by Defendant Delozier. [Doc. 41 at 8-9].

He sought an adverse inference against the Defendants that the recordings would support

Plaintiff's version of events, and refute Defendants' version. [Id.]. The Defendants filed a Reply

---

[1] Plaintiff is now represented by counsel.

stating that Delozier did not recall recording any incident with the Plaintiff, and that he had only taken handheld video recordings once or twice in his career at DAC, and that the hallway camera failed to record due to a glitch in the system. [Doc. 44]. Defendant Miller was granted summary judgment and Defendants Robbins and Miller were denied summary judgment. [Doc. 45]. The Court noted that, if the matter proceeds to trial and on proper motion, it would address spoliation and determine whether an adverse inference may be drawn relative to the potentially missing video footage. [Id. at 16]. A judicial settlement conference before a magistrate judge reached an impasse, and the matter is scheduled for a jury trial beginning on January 24, 2024.

On January 8, 2024, the Plaintiff filed a Motion seeking an adverse inference instruction due to the Defendants' spoliation a video recording of the excessive force incident.[2] [Doc. 69]. The Defendants oppose the imposition of sanctions. [Doc. 71]. The Plaintiff has not replied to date.

Spoliation of evidence refers to "the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (citing West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999)). The duty to preserve evidence arises "not only during litigation but also extends to that period before litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." Id. at 591 (citing Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998)); see also Jenkins v. Woody, No. 3:15CV355, 2017 WL 362475, at *12–13 (E.D. Va. Jan. 21, 2017).

A district court's power to sanction a party for spoliation of evidence derives from the Federal Rules of Civil Procedure, and from the court's "inherent power to control the judicial

---

[2] It appears that the Plaintiff has abandoned his spoliation argument regarding the handheld video recording by Defendant Delozier. The Court will, nevertheless, briefly address the issue in an abundance of caution.

2

process and litigation." Id. at 590. A district court has broad discretion to choose the appropriate sanction for a party's spoliation, but should use that discretion "to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." Id. (quoting West, 167 F.3d at 779). Any sanction imposed should be "designed to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and[,] (3) restore 'the prejudiced party to the same position he [or she] would have been in absent the wrongful destruction of evidence by the opposing party.'" West, 167 F.3d at 779 (quoting Kronisch, 150 F.3d at 126).

Federal Rule of Civil Procedure 37(e) governs the parties' duty to preserve electronically stored information ("ESI") and establishes a district court's power, and limits its discretion, to sanction a party for destroying or failing to preserve ESI. See Global Hookah Distrib., Inc. v. Avior, Inc., 3:19-cv-177-KDB, 2020 WL 4349841, at *11 (W.D.N.C. July 29, 2020). Rule 37(e) provides:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> > (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or[,]
> >
> > (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> >
> > > (A) presume that the lost information was unfavorable to the party;
> > >
> > > (B) instruct the jury that it may or must presume the information was unfavorable to the party; or[,]
> > >
> > > (C) dismiss the action or enter a default judgment.

The movant has the burden of proving all elements of Rule 37(e). See Global Hookah,

2020 WL 4349841, at *11; <u>MB Realty Group, Inc. v. Gaston Cnty. Bd. of Ed.</u>, 3:17-cv-427-FDW, 2019 WL 2273732, at *2 (W.D.N.C. May 28, 2019). The general approach of courts in the Fourth Circuit has been to apply a "clear and convincing evidence standard" if the movant, as here, seeks the more extreme sanctions under Rule 37(e)(2) such as an adverse inference. <u>See</u> <u>Steves & Sons, Inc. v. JELD-WEN, Inc.</u>, 327 F.R.D. 96, 105 (E.D. Va. 2018); <u>Global Hookah</u>, 2020 WL 3439841, at *11.

Here, the Plaintiff argues that a video recording was spoliated by the Defendants because: the incident investigative report states that video 0248-20-1 supports staff's statements and actions; the Defendants had the duty to preserve the video; no such video was produced during discovery; and the Plaintiff is prejudiced by Defendants' failure to produce the video. [Doc. 69; <u>see</u> Doc. 32-2].

The Defendants oppose the Motion because: the Plaintiff never propounded any discovery in this case, either pro se or through counsel; Plaintiff raised spoliation for the first time on February 27, 2023 when he complained that Defendants had failed to produce a handheld video and a recording from the hallway outside the medical unit; and no such videos exist through no fault of Defendants. [Doc. 71; <u>see</u> Doc. 41 at 8-9].

The Incident Report at issue states in relevant part:

It should be noted that due to camera malfunction, the use of force that occurred on offender Pratt was not captured.
…

Review of video 0248-20-1 supports the actions and statements of the involved staff. Only the minimum amount of force was used in order to maintain control and obtain a correctional objective.

[Doc. 69-1 at 2].

The Defendants have filed Declarations of Defendant Travis Delozier and by Terry

4

Church, a DAC program coordinator in facility compliance for Alexander CI. [Docs. 71-2, 71-3]. Defendant Delozier states that, even though the preferred practice under DAC policy is to use a handheld camera when offenders are placed in restraints, this rarely occurs due to short-staffing. [Doc. 71-2 at ¶ 3]. Delozier does not recall recording any event involving the Plaintiff and, during his entire career with DAC, he has only been assigned the task of recording once or twice. [Id. at ¶ 4].

Program Coordinator Church states that "video 0248-20-1" is the video recording of the fire and extraction from camera 133 on Green Unit. [Doc. 71-3 at ¶ 5]. There are occasions when video malfunction occurs, as is indicated in the Incident Report. [Id. at ¶ 7]. When this happens, it is not intentional or planned. [Id.]. Moreover, Defendants Delozier and Robbins would not have access to the video recordings, the ability to delete recordings, or the ability to prevent cameras from recording. [Id. at ¶ 6]. Cameras record to servers that are kept in a locked secure room that is managed by a DAC IT specialist at the Region level. [Id.].

The Plaintiff fails to show that any ESI loss was due to a party's failure to take reasonable steps to preserve the ESI, or that the Plaintiff was prejudiced by the result of any such loss. If the Plaintiff felt that the Defendants were failing to uphold their discovery obligations, he should have properly addressed such a failing during discovery, rather than attempt to style such a failing as "spoliation" shortly before trial. For these reasons, Plaintiff's motion for sanctions will be denied and no adverse inference jury instruction will be given.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Spoliation Adverse Inference [Doc. 69] is **DENIED**.

Signed:  January 22, 2024

Graham C. Mullen
United States District Judge